IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SABRA HARRISON JOHNSON,          )
                                 )
         Petitioner,             )
                                 )
v.                               )   Case No. CIV-10-333-F
                                 )
THE FEDERAL TRANSFER CENTER      )
WARDEN and H.G. LAPPINS,         )
DIRECTOR, BUREAU OF PRISON,      )
                                 )
         Respondents.            )

# **REPORT AND RECOMMENDATION**

Mr. Johnson filed a habeas petition, attacking his convictions on criminal and disciplinary charges. The Court appointed counsel for Mr. Johnson and the attorney has requested an extension of time to amend the habeas petition. In the alternative, the attorney has moved for dismissal without prejudice. The Court should deny the requested extension and grant the alternative request for dismissal without prejudice.

## Extension of Time

The threshold issue is whether to extend the deadline for amendment of the habeas petition. For an extension of time, Mr. Johnson must establish "good cause." Fed. R. Civ. P. 6(b)(1)(A). Mr. Johnson has not satisfied this burden.

In determining whether the Petitioner has shown good cause, the Court must consider the nature of the proceeding. Mr. Johnson seeks a writ of habeas corpus, which "is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing

and determination." *Van Buskirk v. Wilkinson*, 216 F.2d 735, 737-38 (9th Cir. 1954) (citing 28 U.S.C. § 2243).

The deadline for amendment was September 30, 2010. This deadline has a lengthy history.

The habeas petition was filed on April 1, 2010. Eighteen days later, the Court conducted a telephonic conference with Mr. Johnson. There Mr. Johnson expressed confusion,[1] and the Court appointed counsel so that she could provide legal advice and guidance on how to proceed. Counsel has ably performed this task, guiding Mr. Johnson through the administrative exhaustion process and providing advice on amendment of the habeas petition. In undertaking this task, counsel has faced substantial obstacles which are not the fault of herself or the client. Nonetheless, the obstacles have resulted in considerable delay.

Over four months have passed since the Petitioner's counsel announced that she would amend the habeas petition. Although counsel has acted with the utmost diligence, she has not been able to amend the petition.

An extension of time is unnecessary to protect Mr. Johnson. His attorney acknowledged over two months ago that five of the six habeas claims cannot be validly prosecuted in the present action. Petitioner's Response to the Order to Show Cause at p. 1 (July 30, 2010). According to the attorney, the sixth claim is cognizable under 28 U.S.C.

---

[1]  *See* Enter Order (Apr. 19, 2010) (discussing Mr. Johnson's expression of his confusion over how to proceed).

§ 2241. *Id.* But the attorney acknowledges that this claim was not exhausted at the inception of the proceedings. *Id.* at p. 3 n.2. Once the claim is exhausted, Mr. Johnson can file a new action under 28 U.S.C. § 2241. In these circumstances, a further extension of time is unnecessary to preserve Mr. Johnson's eventual ability to assert the present claim.[2]

Furthermore, an extension of time must be at least 60 days to benefit Mr. Johnson. His counsel will be in a week-long trial in October 2010 and Mr. Johnson is expected to move again some time this month. *See* Petitioner's Motion for Extension of Time or, in the Alternative, Dismissal Without Prejudice at p. 3 n.1 (Sept. 29, 2010). In light of these factors, Mr. Johnson's attorney is unable "to quickly and easily obtain the necessary information to file the amended petition." *Id.*

These factors should lead the Court to conclude that: (1) expeditious consideration is necessary because of the statutory mandate for prompt disposition of habeas actions; (2) a further extension of time is unnecessary to preserve Mr. Johnson's ability to assert the present claim; and (3) an extension would need to be extraordinary, such as 60 days, to result in any meaningful benefit to Mr. Johnson. This combination of factors should lead the Court to conclude that Mr. Johnson has not shown good cause for a further extension of time. Accordingly, the Court should deny Mr. Johnson's request for a further extension of time to amend the habeas petition.

---

[2] "[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition." *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) (citations omitted).

## Dismissal Without Prejudice

In the alternative, Mr. Johnson has moved for dismissal without prejudice. Because the Respondent has not answered or moved for summary judgment,[3] Mr. Johnson would enjoy an automatic right to dismissal without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).[4] As a result, the Court should grant the Petitioner's alternative motion for dismissal without prejudice.

## Notice of the Right to Object

The Petitioner is advised of his right to object to this report and recommendation by October 25, 2010. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2). If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. If he does not timely object, he would waive his right to appellate review over the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## Status of the Referral

This referral is discharged.

---

[3] The Court has not authorized service of the habeas petition.

[4] The Federal Rules of Civil Procedure apply in habeas actions under 28 U.S.C. § 2241 "to the extent that the practice in th[e]se proceedings . . . is not specified in a federal statute" and "has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

Entered this 7th day of October, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge